UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JENICA WATKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. |
| v. | ) |
| | ) |
| NOBLE COUNTY SHERIFF | ) |
| MAX C. WEBBER, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

COMES NOW Plaintiff, Jenica Watkins by counsel, on behalf of herself and all other similarly situated individuals, and alleges against the Defendant as follows:

1. The lead Plaintiff is Jenica Watkin, who is a resident of the State of Indiana and who brings claims on behalf of herself and all other similarly situated persons, to wit, the "Class" represented by the Plaintiff, which would include the following:

   > Individuals who, from June 14, 2022, to the present, were incarcerated in the Noble County Jail, whom had been arrested without a warrant, and were then held more than 48 hours following the detention and arrest, without receiving a timely judicial probable cause determination.

2. The Defendant is Noble County Sheriff Max Weber, in his official capacity pursuant to 42 U.S.C. § 1983. At all material times to this Complaint, the Noble County Sheriff was responsible for the policies, practices, procedures, and customs that have been in effect at the Noble County Jail since June 14, 2022, up to the present, including during Jenika Watkin's incarceration within the Noble County jail. At all material times to this Complaint, the Sheriff was responsible for the unconstitutional and/or constitutionally defective policies, practices, procedures, and customs in effect at his

Jail, pertaining to the detention of Jenika Watkins and similarly situated arrestees and pre-trial detainees who were detained without a warrant and held for more than 48 hours without receiving a timely judicial probable cause determination as to their detention and arrest, resulting in unconstitutional over-detentions in violation of the Fourth Amendment to the United States Constitution and § 1983.

3. The unconstitutional over-detentions of the Plaintiff and similarly situated arrestees/pre-trial detainees, were in violation of their right to be free from unreasonable seizure under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983, as well as the U.S. Supreme Court edicts in *Gerstein v. Pugh*, 420 U.S. 103 (1975), and *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991)).

4. Plaintiff Jenica Watkins was arrested at approximately 9:11 pm on August 4, 2023, taken to the Jackson County Jail and incarcerated in the Jail, until her release the morning of August 7, 2023, at approximately 11:07 a.m.

5. Plaintiff Jenica Watkins was detained and arrested without an arrest warrant and detained and held in the Noble County Jail for more than forty-eight (48) hours after the arrest, without receiving a timely judicial probable cause determination for the detention and arrest.

6. Plaintiff contends that other arrestees/detainees at the Noble County Jail who were arrested without a warrant, were also detained at the Jail for more than forty-eight (48) hours without a timely judicial probable cause determination during the period of June 14, 2022, to the present.

7. The unlawful over-detention of arrestees/pre-trial detainees at the Noble County Jail was the direct and proximate result of the Noble County Sheriff' unconstitutional/

constitutionally defective policies, practices, procedures, and/or customs in effect at the Jail at all material times to this Complaint. Plaintiff specifically alleges that the Sheriff had unconstitutional and/or constitutionally defective policies, practices, procedures, and/or customs (or policies of omission) to ensure that arrestees would not be held in the Jail for more than 48 hours following an arrest without a warrant, unless they had received a timely judicial probable cause determination.

8. The complained of over-detention subjected Jenica Watkins and similarly situated arrestees/ pretrial detainees at the Noble County Jail was an unreasonable seizure in violation of their rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983, which directly and proximately caused the Plaintiff and putative class members to suffer the wrongful loss of freedom and liberty, inconvenience, mental anguish, emotional distress, and other damages and injuries, including loss of employment/ income.

9. Pursuant to Local Rule 23.1 of the Local Rules of the United States District Court for the Northern District of Indiana, set forth below are references to the portions of Fed. R. Civ. P. 23 under which it is claimed that the suit is properly maintained as a Class Action:

   (a) On information and belief, Plaintiff maintains that

      (1) The class is so numerous that joinder of all putative class members would be impracticable;

      (2) There are questions of law or fact (unreasonable seizure in violation of the Fourth Amendment to the Constitution and 42 U.S.C. § 1983), common to the class;

(3) The claims of the representative party is typical of the claims of the class; and

(4) The representative party will fairly and adequately protect the interests of the class.

(b) This action is maintainable as a class action because the prerequisites of subdivision (a) are satisfied, and in addition:

(1) Prosecuting separate actions by the named Plaintiff and putative class members on the particular over-detentions in question, would risk inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class.

The Plaintiff and the putative class, challenge the same policies, practices, procedures, and customs of the Noble County Sheriff that resulted in the over-detaining of arrestees/ pretrial detainees at the Noble County Jail, who had been detained and arrested without a warrant, and detained over 48 hours following their initial seizure, without receiving a timely judicial probable cause determination for their detention. In addition, the Plaintiff and putative class members all seek appropriate injunctive and declaratory relief as to their over-detentions and the same polices, practices, customs, and/or procedures of the Noble County Sheriff at the Noble County Jail.

(2) The Noble County Sheriff has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. The Plaintiff and putative class members each were unlawfully over-detained in the Noble County Jail following as a result of the same unlawful policies, practices, procedures, and/or

customs of the Noble County Sheriff, resulting in the Plaintiff and similarly situated individuals that were detained and arrested without a warrant, were continued in detention in the Noble County Jail for more than 48 hours after their initial detention and arrest, in the absence of a timely judicial probable cause determination.

(3) Additionally, there are questions of law or fact common to the members of the class (all of whom are entitled to monetary compensation for loss of liberty), which predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, that is:

    (A) There is no interest of members of the class in individually controlling the prosecution of separate actions;

    (B) There is no collateral litigation to this case which has been commenced by the Plaintiff or other putative class members, at least such litigation is unknown to either the named Plaintiff or her counsel;

    (C) There is a desirability of concentrating the litigation of any and all over-detention claims similar to that of the Plaintiff in one (1) forum (this Court); and

    (D) There are no known difficulties likely to be encountered in the management of this class action.

WHEREFORE, the Plaintiff Jenica Watkins, by counsel, on behalf of Plaintiff and putative class members, respectfully requests judgment against the Defendant for declaratory/injunctive

relief, compensatory damages available under 42 U.S.C. § 1983, for attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**MYERS & WALLACE, LLP**

/s/ *Christopher C. Myers*
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: cmyers@myers-law.com
Attorney for Plaintiff

6/6/24
Revised 6/13/24
IMS/js